United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60264
Summary Calendar

_____

HERMAN SAUNDERS,

Petitioner-Appellant,

versus

EMMITT L. SPARKMAN,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
No. 2-02-CV-558
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

Herman Saunders, a Mississippi state prisoner, seeks a cer-
tificate of appealability ("COA") to appeal the denial of his
28 U.S.C. § 2254 petition in which he sought to challenge his con-
viction on two counts of capital murder, for which he received two
life sentences.  Saunders argues that the district court abused its

----

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

discretion in refusing to apply equitable tolling of the one-year statute of limitations to his newly exhausted claims. See 28 U.S.C. § 2244(d). As to the claims denied on the merits, Saunders argues that (1) the evidence was insufficient to support his conviction for the murder of Natasha Cole, and the jury instructions were erroneous; (2) the admission of extraneous offense evidence was improper; and (3) the calling of a witness expected to invoke the Fifth Amendment privilege against self-incrimination was improper. Saunders has abandoned his remaining § 2254 claims addressed on the merits by the district court by failing to argue those claims in his COA application. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999).

A COA will be granted if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, the applicant must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court's denial of federal habeas relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Saunders has failed to make the requisite showing as to his argument that the district court abused its discretion in refusing to applying equitable tolling to his newly exhausted claims. He also has failed to make the required showing as to his claims that the admission of extraneous offense evidence was improper and that the calling of a witness expected to invoke the Fifth Amendment privilege was improper. As to these claims, IT IS ORDERED that a COA is DENIED.

In addressing the sufficiency of the evidence to support Saunders's capital murder conviction for the murder of Cole, the district court held that "[t]he evidence in this case, particularly the testimony of Carlos Stewart, one of Saunders' hired killers, satisfies this standard." The court did not identify the essential elements of the offense under state law, or set forth the nature of Stewart's testimony upon which it relied, or explain how, in light of Stewart's testimony, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. See Isham v. Collins, 905 F.2d 67, 69 (5th Cir. 1990) (observing that the Jackson v. Virginia, 443 U.S. 307, 319 (1979), standard is applied with reference to the substantive elements of the crime as defined by state law). The appellate record, although containing brief portions of the trial transcript, does not contain a complete trial transcript, and the district court apparently addressed the sufficiency of the evidence without the benefit of such a transcript. See Magouirk v. Phillips, 144 F.3d 348, 362-63 (5th Cir.

1998) (observing that the court was "at a loss to understand how a federal habeas court can conduct a meaningful sufficiency review without a transcript of the trial"). Morever, the court failed to address Saunders's challenge to the jury instructions, which he raised in the context of his sufficiency challenge, and the complete jury instructions are not part of the appellate record. See Thacker v. Dretke, 396 F.3d 607, 615 (5th Cir. 2005) (stating that generally, a single jury instruction may not be judged in artificial isolation but must be viewed in the context of the overall charge).

Because the court denied Saunders's challenge to the sufficiency of the evidence and to the jury instructions without an adequate state record, IT IS ORDERED that a COA is hereby GRANTED IN PART. Cf. Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004) (remanding for further proceedings in light of, inter alia, unclear or incomplete materials). IT IS FURTHER ORDERED that the judgment is VACATED with respect to the denial of Saunders's sufficiency-of-the-evidence claim and challenge to the jury instructions, and this case is REMANDED for further proceedings consistent with this opinion. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998) (stating that this court may grant COA, vacate judgment, and remand without requiring further briefing in appropriate case). On remand, the district court is encouraged to order the respondent to add to the record any portions of the state court papers, including transcripts, that are necessary for the district court to conduct

a meaningful review of the issues on which COA has been granted. If the records are not available, the court should consider whether an evidentiary hearing should be conducted for the purpose of receiving evidence relevant to those claims.